IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY WILLS and J. ROCK,<br><br>    Defendants. | Case No. 24-cv-1716-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lipscomb alleges that Correctional Officer J. Rock has continuously harassed him in violation of the Eighth Amendment and Illinois state law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Lipscomb makes the following allegations: Lipscomb faces ongoing verbal and sexual harassment from Correctional Officer J. Rock (Doc. 1, p. 1). On July 14, 2024, Lipscomb was on crisis watch in a cell with little air flow and temperatures over 100 degrees (*Id*. at p. 2). He was waiting for officers to pass out ice to him due to the heat (*Id*.). But when J. Rock approached his cell, Rock began disrespecting Lipscomb and refused to provide him with ice. Rock noted that Lipscomb was a rapist and Rock noted his desire to rape and kill Lipscomb (*Id*.). Rock noted that he wanted to yank Lipscomb out of his cell and rape him (*Id*.). He also noted that he heard that Lipscomb had been raped by another officer. Thirty minutes later, Rock returned to Lipscomb's cell and turned the hot water in his cell all the way up so that the water hit the ceiling and covered the cell (*Id*.). Every time Rock walks by Lipscomb's cell, he now threatens to kill or rape him (*Id*.).

Lipscomb alleges that this is an ongoing pattern at Menard (*Id*. at p. 1). He faces daily threats of assault, rape, and death (*Id*.). Lipscomb alleges that staff refuse to provide him with supplies and other items because of the nature of his crime (*Id*.). They informed Lipscomb that he will get nothing from staff and that the harassment will not stop until he is transferred or dead (*Id*.). He alleges that staff falsely allege that his crime involved the abuse of a child (*Id*.).

## Preliminary Dismissals

Although Lipscomb mentions Anthony Wills in the caption of his Complaint, he fails to include any allegations against Wills in his statement of the claim. Lipscomb

alleges that "defendants" threaten to kill him, but he only alleges that J. Rock has verbally and sexually harassed him. He refers to staff at Menard and notes that everyone is harassing him and retaliating against him, but he does not allege that Wills personally assaulted him, harassed him, or was aware of harassment or threats to Lipscomb's safety. Thus, any claim against Wills is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment cruel and unusual punishment claim against J. Rock for verbally harassing and threatening Lipscomb as well as dousing his cell in hot water.**
>
> **Count 2:** **Illinois state law claim for intentional infliction of emotional distress for Rock's harassment and threats.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Verbal harassment, even of a sexual or racial nature, generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2000) (simple verbal harassment, including racial and sexual harassment, does not state a claim); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). "The test for what constitutes cruel and unusual punishment is an objective one. It is not the actual fear of the victim, but what a reasonable victim would fear." *Id.* (internal quotations omitted).

Here, Lipscomb adequately alleges that he has been harassed on a continuous basis and threatened with rape and death. He alleges that the threats are real because he was raped by another officer. Rock has also denied Lipscomb ice on hot days and turned the hot water up in his cell. Lipscomb also alleges that Rock has told others about his conviction, further putting his life in danger. That is enough to state a claim at this stage. *See also Irving v. Dormire*, 519 F.3d 441, 445 (8th Cir. 2008) (repeated threats of harm and offers to pay inmates to attack plaintiff enough to state a claim).

Lipscomb also adequately states a claim under Illinois state law for the same conduct. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006)

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against J. Rock. All other claims and any potential claim against Anthony Wills is **DISMISSED without prejudice**.

4

The Clerk of Court shall prepare for Defendant J. Rock: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Lipscomb. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Lipscomb, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lipscomb, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

5

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 27, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**